David L. COHEN, Plaintiff,

v.

STEVE'S ICE CREAM; Oringer Manufacturing Co., Inc., et al, Defendants/Third–Party Plaintiffs,

v.

Philip KURTZ; Paul Curry and Florasynth, Inc., Third–Party Defendants.

Civ. A. No. 86–2469–Mc.

United States District Court, D. Massachusetts.

June 4, 1990.

Roger S. Lewenberg, Franklin Lewenberg, Herman & Lewenberg, Boston, Mass., for plaintiff.

John J. O'Keefe, Richard K. Donahue, Michael W. Gallagher, Donahue & Donahue, Lowell, Mass., James B. Dolan, Badger, Sullivan, Kelley & Cole, Boston, Mass., for Oringer Mfg. Co.

Richard E. Bachman, Hale, Sanderson, Byrnes & Morton, Boston, Mass., for Crescent Mfg. Co.

Jeanne O. McHugh, Long, Anderson, McTaggart & Racicot, Boston, Mass., for Worcester Quality Foods.

Thomas W. Porter, Jr., Joseph Musacchio, Richard J. Shea, Melick & Porter, Boston, Mass., for Florasynth, Inc.

Thomas D. Burns, Burns & Levinson, Boston, Mass., for Hallsmith Sysco Food.

Francis X. Kiley, Linehan, Gallagher & Mahoney, Boston, Mass., for Paul Curry and Philip Kurtz, and Steve's Ice Cream, Inc.

Sandor I. Rabkin, Boston, Mass., for Worcester Quality Foods, Inc.

William J. Dignan, Jason Yarvitz, Quincy, Mass., for Philip Kurtz.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

In this action plaintiff claimed he suffered personal injury when a container of extract leaked and caught fire.

The third party defendant brought a motion for summary judgment against the defendant (third party plaintiff). The facts appear beyond dispute. Third party defendant manufactured the extract, putting it in fifty-five gallon drums and sold the product to, among others, the defendant. The defendant received labels on them to the effect that the contents were flammable with a flash point of fifty-seven degrees. The defendant took extract from the drums and put it in smaller cylindrical containers. Mr. Cohen was working in the vicinity of a container which had been filled by defendant when it leaked, and the incident occurred.

At the hearing on this motion, it was stated that there was no contract between defendant and third party defendant. If defendant is entitled to indemnity or contribution from third party defendant it would have to be on a tort basis—by reason of potential liability to plaintiff rising from third party defendant to the plaintiff.

Defendant argued that in this case the court cannot rule as a matter of law that there was no duty owed by the manufacturer to an "ultimate user" or person likely to be affected by the "bulk" product. The moving party (third party defendant) contended contrarily:—that as a matter of law—where a product in bulk, in a container properly labelled with a warning, is accepted by an immediate purchaser, who then removes the product from its original container and puts it in another, the conduct of the manufacturer cannot create risk to a person in the vicinity of the bulk product without the intervening conduct of the immediate purchaser.

The last argument makes sense to me. What more can the manufacturer do, in the exercise of reasonable care, to prevent the ultimate user or person in the vicinity of the product from the consequences of actions or failures to act on the part of the immediate purchaser?

I have tried to come up with decision "on all fours" factually. My attention wasn't directed to one in argument or in the briefs (although counsel may disagree).

It should be noted that there appears to be nothing to indicate that the manufacturer of the bulk product should have anticipated any negligence or other fault on the part of the immediate purchaser.

Also, it seems to me that there was nothing the manufacturer could have done to prevent the purchaser's container from leaking.

What duty was owed to Mr. Cohen by the third party defendant? None that I can imagine. What did the third party defendant do that created a risk of harm to plaintiff? Nothing, so far as I can see. The independent intervening conduct of the defendant was the sole cause, (*assuming* causal fault for the sake of this motion only) if any, of the incident which happened—the leak, of the immediate purchaser's container.

There is a case out of the Tenth Circuit, entitled *Mason v. Texaco, Inc.*, reported at 862 F.2d 242 (1988) which fortifies us in our decision that (were the Massachusetts courts to pass upon this matter) the Supreme Judicial Court under the Massachusetts Appeals Court would decide that a bulk seller has no duty (in the absence of indication that the immediate purchaser is inadequately trained or unfamiliar with the product) to issue warnings to an ultimate consumer, when sufficient warning has been given to the immediate purchaser.

Motion for summary judgment is allowed. Judgment for the third party defendant on the third party complaint.